UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARCUS J. BUSDICKER,               )     CASE NO. 3:14CV2067
                                   )
              Plaintiff,           )     MAGISTRATE JUDGE
                                   )     GEORGE J. LIMBERT
       v.                          )
                                   )
CAROLYN W. COLVIN[1],              )     MEMORANDUM OPINION & ORDER
ACTING COMMISSIONER OF             )
SOCIAL SECURITY,                   )
                                   )
              Defendant.           )

       Marcus J. Busdicker ("Plaintiff") seeks judicial review of the final decision of Carolyn W.

Colvin ("Defendant"), Acting Commissioner of the Social Security Administration ("SSA"),

denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security

Income ("SSI").  ECF Dkt. #1. For the following reasons, the Court REVERSES the ALJ's decision

and REMANDS the instant case:

## I.     PROCEDURAL AND FACTUAL HISTORY

       Plaintiff initially filed applications for DIB and SSI on October 17, 2007, alleging disability

beginning May 31, 2005 due to bipolar disorder and manic depression. ECF Dkt. #11 at 261 ("Tr.").

The applications were denied initially and upon reconsideration, and an ALJ ultimately denied

benefits on September 15, 2009.  Tr. at 89-98.  Plaintiff did not appeal this decision. ECF Dkt. #15

at 2, fn.1.

       Plaintiff filed new applications for DIB and SSI in June of 2010 and these applications were

denied at the initial administrative level in September of 2010.  ECF Dkt. #15 at 2, fn.1.  Plaintiff

did not appeal the administrative denials of these applications.  *Id.*

       On April 11, 2011, Plaintiff filed for DIB and SSI, alleging disability beginning September

11, 2009, due to bipolar disorder, manic depression, attention deficit hyperactivity disorder

_____

       [1]On February 14, 2013, Carolyn W. Colvin became the acting Commissioner of Social Security,
replacing Michael J. Astrue.

("ADHD"), anxiety, mood swings, racing thoughts, and having trouble sleeping. Tr. at 237-249, 284[2]. The SSA denied Plaintiff's applications initially and on reconsideration. *Id*. at 105-155. Plaintiff requested an administrative hearing, which was held on February 27, 2013. *Id*. at 35, 183-190. At the hearing, the ALJ accepted the testimony of Plaintiff, who was represented by counsel, Plaintiff's mother, and a vocational expert ("VE"). *Id*. at 36. On April 25, 2013, the ALJ issued a decision denying benefits. *Id*. at 13-27. Plaintiff filed a request for review, which the Appeals Council denied on July 24, 2014. *Id*. at 1-9.

On September 17, 2014, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. On May 20, 2015, with leave of Court, Plaintiff filed a brief on the merits. ECF Dkt.#15. On August 17, 2015, with leave of Court, Defendant filed a brief on the merits. ECF Dkt. #19. Plaintiff filed a reply brief on August 31, 2015. ECF Dkt. #20.

## II.    SUMMARY OF RELEVANT PORTIONS OF THE ALJS' DECISIONS

In his September 15, 2009 decision, the prior ALJ found that while Plaintiff had the severe impairments of affective disorder, substance abuse disorder, and tendonitis under 20 C.F.R. §§ 404.1520(c) and 416.920(c), those impairments, individually or in combination, did not meet or equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). Tr. at 91-92.

The prior ALJ went on to find that Plaintiff had the residual functional capacity ("RFC") to perform medium work with the following limitations: simple, routine, repetitive tasks with short simple instructions and few workplace changes; only occasional interaction with supervisors and co-workers; only occasional superficial contact with the public; jobs requiring an attention span to perform simple work tasks for only 2-hour intervals throughout an 8-hour workday; and no high-paced or timed production demands. Tr. at 93. With this RFC and based upon the VE's testimony, the ALJ concluded that Plaintiff could not perform his past relevant work as a machine operator, landscaper or garbage slinger, but Plaintiff was capable of performing other jobs existing in

---

[2]References to the administrative record in this case refer to the ECF docket number of the cited document and the page number assigned to cited pleading by the ECF system, which can be found in the search box at the top of the page on the ECF toolbar.

significant numbers in the national economy, including the representative occupations of hand packager, order picker or kitchen helper.  *Id*. at 97-98.  Consequently, the ALJ found that Plaintiff had not been under a disability as defined in the SSA and was not entitled to benefits.  *Id*. at 98.

In the most recent ALJ decision dated April 25, 2013, the ALJ determined that Plaintiff, who was thirty-four years old at the time of the ALJ's decision and thirty-one years old at the time that he allegedly became disabled, suffered from bipolar disorder and polysubstance abuse in apparent remission since October 2011.  Tr. at 15.  She indicated that she was bound "by certain of the prior Judge's findings."  *Id*. at 13.  The ALJ then found that the bipolar disorder and polysubstance abuse in remission impairments qualified as severe impairments under 20 C.F.R. §§ 404.1520(c) and 416.920(c). Tr. at 15.  The ALJ noted that while the prior ALJ found tendonitis to be a severe impairment, the joint affected was not identified and the record before the current ALJ revealed no similar diagnosis or treatment.  *Id.* at 16.  Moreover, the current ALJ noted that while Plaintiff alleged knee arthritis as an impairment, no diagnosis or treatment of the arthritis was found in the record.  *Id*.  The current ALJ therefore did not find tendonitis or knee arthritis to be severe impairments.  *Id*.

The current ALJ further determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments in the Listings.  Tr. at 15-16.  She went on to find that Plaintiff had the RFC to perform medium work with the following limitations: the work must have a Specific Vocational Preparation ("SVP") of 1 to 2; the pace of productivity is not dictated by an external source over which the claimant has no control such as an assembly line or conveyor belt; the work must be repetitive from day to day, with few and expected changes; and the work must have only occasional contact with the general public, co-workers and supervisory authority.  Tr. at 18.  With this RFC and based upon the VE's testimony, the ALJ ultimately concluded that Plaintiff could perform his past relevant work as a dumping machine operator and landscape specialist.  *Id*. at 25.  The ALJ also found that Plaintiff was capable of performing other jobs existing in significant numbers in the national economy, including the representative occupations of stores laborer, industrial cleaner, and hand packager.  *Id*. at 25-26.

-3-

As a consequence, the ALJ found that Plaintiff had not been under a disability as defined in the SSA and was not entitled to benefits.  *Id*. at 26.

### III.  STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to benefits.  These steps are:

1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2.  An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see   20 C.F.R.  § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4.  If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5.  If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992).  The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step.  *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### IV.  STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability.  This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards.  *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation omitted).  An ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (citations omitted).  The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997).

## V.     LAW AND ANALYSIS

### A.     *DRUMMOND V. COMMISSIONER OF SOCIAL SECURITY*

Plaintiff first complains that the ALJ erred in applying *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997) and by failing to explain why *Drummond* applied.  ECF Dkt. #15 at 14-15.  Plaintiff asserts that the long-term record shows that *Drummond* does not apply as records show that he has bipolar disorder which impacts his insight and judgment and causes many of his symptoms to persist even when he is clearly sober.  *Id*. at 15.  He further contends that new and material records of Dr. Funke, Clinical Nurse Specialist ("CNS") Florke, and CNS David Bingham show that he has limitations inconsistent with an ability to sustain the mental demands of work on a regular and continuing basis.  *Id*. at 15.  Plaintiff further contends that the ALJ erred in her evaluation of these opinions in the long-term record.  *Id.*

*Drummond* stands for the principle that absent evidence of a change in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ.  *Drummond*, 126 F.3d at 842; *see also* Acquiescence Ruling ("AR") 98-4(6).  "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." *United States v. Utah Const. & Mining Co.*, 384 U.S. 394, 422 (1966).  In *Drummond*, the Sixth Circuit looked to whether substantial evidence was introduced to show that Plaintiff's condition changed

significantly between the two hearing dates. *Drummond*, 126 F.3d at 843. The Court held that the Commissioner shoulders the burden of showing a change of circumstances to escape res judicata and substantial evidence was not introduced in order to find that the claimant's condition improved significantly between the two hearings so the subsequent ALJ was bound by the prior ALJ's determination. *Id*. The *Drummond* Court held that:

> Absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ. We reject the Commissioner's contention that the Social Security Administration has unfettered discretion to reexamine issues previously determined absent new and additional evidence. To allow the Commissioner such freedom would contravene the reasoning behind 42 U.S.C. Â§ 405(h) which requires finality in the decisions of social security claimants. Just as a social security claimant is barred from relitigating an issue that has been previously determined, so is the Commissioner.

*Id*. at 842. AR 98–4(6), issued post-*Drummond*, provides that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding." AR 98-4(6). AR 98-4(6) applies *Drummond* to a claimant's RFC "or other findings required at a step in the sequential evaluation process for determining disability provided under 20 CFR 404.1520, 416.920 or 416.924, as appropriate, which was made in a final decision by an ALJ or the Appeals Council on a prior disability claim." AR 98-4(6). However, the "Commissioner's Acquiescence Rulings-like the Commissioner's Regulations-are not the supreme law of the land. 'It is, emphatically, the province and duty of the judicial department, to say what the law is,' *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137, 2 L.Ed. 60 (1803), [']and the [Commissioner] will ignore that principle at [her] peril.' " *Harris v. Astrue,* 2010 WL 3909495, at *5 (S.D. Ohio, 2010), adopted by 2010 WL 3909493 (S.D. Ohio 2010), quoting *Hutchison v. Chater*, 99 F.3d 286, 287–88 (8th Cir.1996) (other citations omitted) (brackets in *Hutchison*).

In the instant case, while the ALJ stated that she was bound by the prior ALJ's decision, her decision contradicts the core elements of the prior ALJ's determination, thus leaving the Court unclear as to whether she actually found that she was bound by *Drummond* and/or AR 98-4(6). In the beginning of her April 25, 2013 decision, the ALJ indicated that she was bound by *certain* of

the prior ALJ's findings pursuant to Acquiescence Rulings 98-3(6) and 98-4(6).  Tr. at 13.  However, if *Drummond* and AR 98-4(6) apply, the ALJ was bound by the all of the prior ALJ's findings and did not have the freedom to pick and choose the findings or to modify them.  For instance, as to Step Two of the sequential evaluation, the instant ALJ reexamined the prior ALJ's determination of which impairments were severe and found that Plaintiff's tendonitis was not severe, even though the prior ALJ found that it was severe.  Compare Tr. at 16, 91-92.  Further, and regardless of whether only *Drummond* applied or if both *Drummond* and SSR 98-4(6) applied, and the instant ALJ was bound only by the prior ALJ's RFC, the instant ALJ's RFC is different than that of the prior ALJ.  The instant ALJ concluded that her RFC for Plaintiff "is consistent with that of the prior Administrative Law Judge, although worded differently.  This record reveals nothing to warrant deviation from the prior assessed residual functional capacity."  *Id*. at 25.  The Court agrees that the instant ALJ's RFC limitation of Plaintiff to medium work is indeed the same as that of the prior ALJ.  Compare Tr. at 18, 93.  The Court also agrees that the instant ALJ's limitation of Plaintiff to a SVP of 1 to 2 corresponds to the prior ALJ's limitation of Plaintiff to jobs involving simple, routine, repetitive tasks with short simple instructions.  *Id.*  A SVP of 1 to 2 is consistent with unskilled work.  S.S.R. 00–4p, 2000 WL 1898704, at *3.  The Sixth Circuit has found unskilled work to be defined as work involving simple, routine, and repetitive tasks. *Allison v. Apfel*, 229 F.3d 1150 (6th Cir.2000).  Both ALJs have limitations for Plaintiff to jobs involving few workplace changes.  Tr. at 18, 93.

However, the Court finds significant differences in the ALJs' limitations for Plaintiff in pace and attention span.  The prior ALJ specifically found that Plaintiff had the attention span to perform simple work tasks for two-hour intervals throughout an eight-hour day with no high-paced or timed production demands.  Tr. at 93.  The instant ALJ fails to mention these limitations.  Rather, she limited Plaintiff to "work...where the pace of productivity is not dictated by an external source over which the claimant has no control such as an assembly line or conveyor belt."  *Id*. at 18.  Without explanation or further clarification in her decision or with the VE at the hearing of this restriction, the Court is unable to find that this part of the RFC is "consistent with" or similar to the prior ALJ's RFC of performing tasks for two-hour intervals throughout an eight-hour day with no high-paced or time production demands.  Moreover, the instant ALJ did not include the "superficial" contact with

-7-

the public restriction determined by the prior ALJ, but rather, she merely limited the contact with the public to "occasional" without sufficient explanation. The difference in the RFCs is also highlighted by the fact that the instant ALJ concluded with her RFC for Plaintiff, and with the aid of the VE, that Plaintiff could return to his past relevant work as a dumping machine operator and landscape specialist, while the prior ALJ concluded with the RFC that he determined for Plaintiff that Plaintiff could not return to his past relevant work as a machine operator or landscaper. *Id*. at 25, 97.

In addition, the jobs relied upon by the ALJs at Step Five were different, except for that of hand packager. Tr. at 26, 98. The VE at the instant ALJ's hearing also testified that a employee is required to be on task at a minimum for at least 80% throughout the workday, which includes already prescribed breaks. *Id.* at 82. When Plaintiff's counsel asked the VE whether an employee who kept pace 15 to 25% less that than expected by an employer could maintain a job, the VE responded that this would not be acceptable in competitive employment. *Id*. at 83. This testimony, coupled with the instant ALJ's lack of explanation or clarification of her "external source" limitation and how it is consistent with or similar to that of the prior ALJ after applying *Drummond*, leads the Court to conclude that the ALJ did not follow the dictates of *Drummond*.

Further highlighting the unclear stance taken by the instant ALJ as to *Drummond* and/or AR 98-4(6) is her review of the medical evidence. She reviewed the medical evidence from after the prior ALJ's decision, but rather than determining whether it constituted new and material evidence pertinent to a particular finding or a change in circumstances, the instant ALJ concludes that she is bound by the prior findings but she then undertakes a new sequential analysis with a RFC, Step Four and Step Five findings different from that of the prior ALJ. This undertaking without further explanation or clarification is confusing in that in one breath the instant ALJ determines that she is bound by the prior ALJ's determinations, but she then modifies those prior findings and conducts her own sequential analysis.

Accordingly, the Court REMANDS the instant case in order for the ALJ to reevaluate the evidence and determine whether *Drummond* and/or AR 98-4(6) applies and to clearly and sufficiently follow the dictates of *Drummond*. Further, upon remand, the ALJ should provide more

-8-

than a passing statement as to why she was bound by *Drummond* in the first place, if, upon remand, she determines that she is still so bound.

### B.    PLAINTIFF'S REMAINING ASSERTIONS OF ERROR

Plaintiff also asserts that the ALJ's RFC was erroneous because she failed to properly analyze the opinions of his former treating psychiatrist Dr. Funke and Certified Nurse Specialists Floke and Bingham.  ECF Dkt. #15 at 15-22.  He additionally contends that the ALJ erroneously dismissed the fact that Plaintiff was living at Potter's Hand, a restoration center in rural Ohio, which should have been considered in both the "C" criteria of the Listings in 12.00 and at other steps of the sequential evaluation.  *Id.* at 23.

The Court declines to address these subsequent issues in light of the Court's remand of the instant case for clarification and explanation of whether *Drummond* and/or AR 98-4(6) applies and proper following of the dictates of *Drummond* if it is determined that it does indeed apply.

## VI.    CONCLUSION

For the foregoing reasons, the Court REVERSES the Commissioner's decision and REMANDS the instant case for reevaluation of the prior ALJ's decision and the medical evidence under *Drummond* and/or AR 98-4(6), with clarification and explanation of whether *Drummond* applies, and the proper following of the dictates of *Drummond* and/or AR 98-4(6) if the instant ALJ determines that those doctrines do apply.

DATE: March 9, 2016

                                       ***/s/George J. Limbert***
                                       GEORGE J. LIMBERT
                                       UNITED STATES MAGISTRATE JUDGE